IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRONTIER CONSTRUCTION COMPANY,  )
INC.,                           )
                                )
              Plaintiff,        )
                                )
        vs.                     ) Civil Action No. 09-794
                                )
NICHOLAS M. MAZZELLA and        )
RICHARD L. ABBOTT,              )
                                )
              Defendants.       )

MEMORANDUM

**INTRODUCTION**

Defendants, Nicholas M. Mazzella (individually, "Mazzella")
and Richard L. Abbott (individually, "Abbott"), are former
employees of Plaintiff, Frontier Construction Company, Inc.
("Frontier"), a company engaged in the business of constructing
and refurbishing championship quality golf courses.  In this
civil action, Frontier asserts claims against Defendants for
breach of the duty of loyalty, breach of fiduciary duty, unfair
competition and civil conspiracy relating to their current
employment with its chief competitor, Aspen Corporation
("Aspen").  Before the Court are the parties' cross-motions to
compel discovery.  For the reasons set forth below, Defendants'
motion to compel will be granted in part and denied in part, and
Frontier's motion to compel will be granted.

1

**DEFENDANTS' MOTION TO COMPEL**

On December 8, 2009, Defendants served Interrogatories and a Request for Production of Documents on Frontier seeking information regarding their alleged wrongful conduct and the damages resulting therefrom. Defendants seek an Order compelling Frontier to (a) file responsive and complete answers to Interrogatory Nos. 1, 2, 4-5, 7, 9, 11-13 and 16-20,[1] and (b) respond to their Request for Production of Documents.[2]

**Interrogatory No. 1**

In the Complaint, it is alleged that both before and after their employment with Frontier ended, Defendants accessed, copied and deleted confidential files and other company-owned information, including information regarding Frontier's past, current and prospective golf course projects, for the purpose of securing projects for their new employer, Aspen. But the Complaint fails to identify any particular project that was misappropriated by Defendants. As a result, in Interrogatory No. 1, Defendants asked Frontier to identify the business

---

[1]In paragraph 8 of their Motion to Compel, Defendants include Interrogatory No. 14 among the Interrogatories which Frontier is alleged to have provided an sufficient answer. (Document No. 23, p. 4). Because Defendants do not address Interrogatory No. 14 in their specific objections to Frontier's answers, the Court will not do so.

[2]In the Motion to Compel, Defendants also note Frontier's failure to verify its answers to Defendants' Interrogatories as required by Fed.R.Civ.P. 33(b)(3).

opportunities, including past, current or prospective contractual relations, that Defendants interfered with or misappropriated when they left their employment with Frontier and joined Aspen. In response, Frontier asserts that Defendants' deletion, destruction or removal of documents and material belonging to Frontier renders it "virtually impossible" to fully answer Interrogatory No. 1 at this time.  Nevertheless, "in an attempt to respond", Frontier identified six golf course projects that Defendants allegedly interfered with or misappropriated. Defendants object to Frontier's answer to Interrogatory No. 1 as non-responsive and incomplete.  The Court disagrees.

     With regard to responsiveness, Frontier was asked to identify specific business opportunities that Defendants interfered with or misappropriated and it did so.  As to completeness, Frontier specifically noted that its answer to Interrogatory No. 1 was based on available information.  If Defendants' responses to the discovery propounded by Frontier reveal other business opportunities that Frontier believes Defendants interfered with or misappropriated, Frontier indicates that its answer to Interrogatory No. 1 will be supplemented in accordance with Fed.R.Civ.P. 26(e)(1).  (Document No. 29, p. 5). Based on the foregoing, Defendants' objection to Frontier's answer to Interrogatory No. 1 is overruled.

**Interrogatory No. 2**

In Interrogatory No. 2, Frontier was asked to explain how
Defendants interfered with or misappropriated each of the
business opportunities identified in its answer to Interrogatory
No. 1. In response, Frontier referred Defendants to its answer
to Interrogatory No. 1. Defendants contend that Frontier's
answer to Interrogatory No. 2 is insufficient. The Court
disagrees.

As noted by Frontier, a rational reading of the answer to
which Defendants are referred reveals the manner in which
Frontier believes Defendants interfered with or misappropriated
the six identified golf course projects, *i.e.*, by failing to
disclose information that was obtained by Defendants while they
were still employed by Frontier and utilizing the information to
secure projects for Aspen, its chief competitor. (Document No.
29, p. 5). Accordingly, Defendants' objection to Frontier's
answer to Interrogatory No. 2 is overruled.

**Interrogatory Nos. 4, 7, 11 and 18**

In Interrogatory Nos. 4, 7, 11 and 18, Frontier was asked to
identify documents supporting its contention that Defendants
interfered with or misappropriated the business opportunities
identified in its answer to Interrogatory No. 1 (Interrogatory
No. 4); documents supporting the allegation that Defendants'
accessed, deleted, extracted and destroyed confidential company

4

files, trade secrets or other company-owned information, and,
thereby, caused harm to Frontier (Interrogatory No. 7); documents
supporting the allegation that Defendants' use or misuse of
Frontier's confidential information or trade secrets caused harm
to Frontier (Interrogatory No. 11); and documents supporting the
allegation in paragraph 38 of the Complaint that Defendants "had
been hoarding or compiling jobs, work and/or prospects for
months, all while employees of Frontier, which they have taken to
their new employer, Aspen, all to the detriment of Frontier"
(Interrogatory No. 18).  Frontier responded to all of these
interrogatories as follows: "Subject to an appropriate and
agreed-upon protective order, Plaintiff will produce relevant,
non-privileged documents responsive to this Request at a mutually
convenient time and place.'

    Defendants object to the foregoing answer as non-responsive,
and, after consideration, the objection is sustained.
Interrogatory Nos. 4, 7, 11 and 18 simply ask Frontier to
identify the documents in its possession on which its allegations
against Defendants are based.  Because Defendants clearly are
entitled to this information, Frontier will be directed to
supplement the answers to Interrogatory Nos. 4, 7, 11 and 18 by
identifying specific documents that are responsive to each
interrogatory with the understanding that the answers may need

5

further supplementation upon receipt of Defendants' responses to
Frontier's discovery requests.

**Interrogatory Nos. 5 and 9**

In Interrogatory No. 5, Frontier was asked to describe how
it was harmed by Defendants' accessing, deleting, extracting or
destroying confidential company files, trade secrets and other
company-owned information, and in Interrogatory No. 9, Frontier
was asked to describe how it was harmed by Defendants' use or
misuse of such information.  In response to both interrogatories,
Frontier referred Defendants to its answer to Interrogatory No.
1, which Defendants contend is insufficient.  Since it is clear
that Frontier's loss of the golf course projects identified in
its answer to Interrogatory No. 1 is the harm that is alleged to
have been caused by Defendants' wrongful conduct, the Court
concludes that the answers provided by Frontier to Interrogatory
No. 5 and Interrogatory No. 9 are sufficient.  Therefore,
Defendants' objection to the answers are overruled.

**Interrogatory No. 12**

Paragraph 39 of the Complaint alleges that, "rather than
working at all times in the best interest of Frontier during
their employment, ... [Defendants] were instead actively planning
to leave Frontier and work for Aspen and took work and
information with them when they left to join Aspen."  Based on
this allegation, Frontier was asked in Interrogatory No. 12 to

6

identify the "work and information" that Defendants took with
them to their new employment with Aspen and explain how
Defendants used or misused the "work and information" resulting
in harm to Frontier.  Again, Defendants were referred to
Frontier's answer to Interrogatory No. 1, and Defendants contend
this answer is insufficient.

     With respect to the identity of the "work and information"
allegedly taken by Defendants to their new employment,
Defendants' objection is sustained.  The answer to which
Defendants are referred does not identify any specific "work and
information" on which Frontier's claims in this case are based.
Accordingly, Frontier will be directed to supplement its answer
to Interrogatory No. 12 by identifying the "work and information"
referred to in paragraph 39 of the Complaint.

     Turning to the harm sustained by Frontier due to Defendants'
alleged use or misuse of the "work and information" referred to
in paragraph 39 of the Complaint, Defendants' objection is
overruled.  As noted previously, it is clear that the harm
alleged to have been caused by Defendants' use or misuse of "work
and information" obtained while employed by Frontier is the loss
of the business opportunities identified in Frontier's answer to
Interrogatory No. 1.

**Interrogatory No. 13**

In Interrogatory No. 13, Frontier was asked to identify any
documents or electronically stored information ("ESI") that
Defendants deleted from Frontier's computer server or their
company-owned laptop computers and how the deletion harmed
Frontier. Again, Frontier referred Defendants to its answer to
Interrogatory No. 1, and Defendants contend this answer is
insufficient.

Defendants' objection to Frontier's answer to Interrogatory
No. 13 will be sustained regarding the identity of the documents
or ESI that Defendants are alleged to have deleted from
Frontier's computer server and company-owned laptop computers.
The Complaint specifically alleges that Frontier has been able to
retrieve some of the information deleted by Mazzella, and, in its
answer to Interrogatory No. 17, Frontier identifies the
information technologists who performed the retrieval.
Consequently, Frontier will be directed to supplement its answer
to Interrogatory No. 13 by identifying specific deleted documents
or ESI with the understanding that the answer may need further
supplementation upon Frontier's receipt of responses to the
discovery propounded to Defendants.

As to how the deletion of documents or ESI harmed Frontier,
Defendants' objection is overruled. Again, it is clear that the

harm alleged by Frontier is the loss of the golf course projects
identified in its answer to Interrogatory No. 1.

**Interrogatory No. 16**

In paragraph 40 of the Complaint, Frontier alleges that
Defendants "attempted to destroy Frontier information, wipe clean
computer files and databases and communicate with each other
'outside' the Frontier network." Based on this allegation,
Interrogatory No. 16 asks Frontier to describe in detail the
information, computer files or databases that Defendants
attempted to destroy. Again, Frontier referred Defendants to its
answer to Interrogatory No. 1, and Defendants contend this answer
is insufficient.

As noted previously, the Complaint filed by Frontier
specifically alleges that it has been able to retrieve
information deleted by Defendants from its computer server and
company-owned laptop computers, and, in answer to Interrogatory
No. 17, Frontier identified the individuals who performed the
retrieval. Based on the foregoing, Defendants' objection to
Frontier's answer to Interrogatory No. 16 is sustained. Frontier
will directed to supplement the answer by describing the
information, computer files and databases that support the
allegation in paragraph 40 of the Complaint with the
understanding that the answer may need further supplementation

9

upon Frontier's receipt of responses to the discovery propounded
to Defendants.

**Interrogatory No. 17**

        In paragraph 41 of the Complaint, Frontier alleges that it
"has been able to gather and obtain information showing that
numerous jobs, prospects and/or other work which should have been
directed to, reported to and kept within Frontier were instead
secretly, surreptitiously, intentionally, and improperly kept
from Frontier and, upon information and belief, have been
transferred to or are now being worked on by Aspen, the new
employer for the Defendants."  Based on the foregoing allegation,
Frontier was asked, among other things, in Interrogatory No. 17
to (a) identify and describe in detail all documents and
information that Frontier has been able to "gather and obtain"
and (b) describe in detail how and when such information was
gathered and obtained.

        Regarding the identification and description of the
information that Frontier allegedly has gathered and obtained,
Frontier responded that it "will produce relevant, non-privileged
documents responsive to this Request at a mutually convenient
time and place."  Defendants' objection to this answer as being
non-responsive is sustained, and Frontier will be directed to
supplement the answer.

As to describing in detail how and when the information referred to paragraph 41 of the Complaint was gathered and obtained, Frontier responded as follows: "Plaintiff logged on to the system and retrieved whatever information it could that had been deleted."  Defendants contend this answer is insufficient, and, again, the Court agrees.  As noted previously, Frontier retained information technologists to retrieve confidential company files and other company-owned information allegedly deleted or misappropriated by Defendants, and that action is alleged to have been successful to some extent.  Under the circumstances, Defendants' objection to the answer to part (b) of Interrogatory No. 17 is sustained, and Frontier will be directed to supplement the answer by providing details of the retrieval effort and its results.

**Interrogatory No. 19**

In Interrogatory No. 19, Frontier was asked whether it contends that Defendants were not authorized or permitted to retain or possess Frontier-owned property for any period of time after leaving the employment of Frontier, and, if so, to identify documents or agreements supporting this contention.  Frontier responded affirmatively to the first part of the Interrogatory. With regard to the second part, Frontier responded as follows: "See documents responsive to and produced as part of Plaintiff's responses to the Defendants' Request for Production of

11

Documents."[3]   Defendants contend this answer is non-responsive
and the Court agrees.   The objection is, therefore, sustained and
Frontier will be directed to supplement its answer to the second
part of Interrogatory No. 19 by identifying the documents or
agreements supporting its contention that Defendants were not
permitted to retain or possess any property owned by Frontier for
any period after their employment ended.

**Interrogatory No. 20**

In Interrogatory No. 20, Frontier was asked to describe the
current and/or prospective contractual relations with which
Defendants interfered.   Defendants were directed to Frontier's
answer to Interrogatory No. 1, and they object to this answer as
insufficient.   The Court disagrees.   Past, current and
prospective contractual relations are specifically included in
Defendants' Interrogatory No. 1.   Thus, Interrogatory No. 20 is
duplicative and Defendants' objection to Frontier's answer is
overruled.

**Request for Production of Documents**

Frontier served its Objections, Answers and Responses to
Defendants' discovery requests on January 27, 2010.   With respect
to each of Defendants' Requests for Production of Documents,
Frontier responded as follows:

---

[3]In light of Frontier's failure to produce a single document
in response to Defendants Request for Production of Documents,
this answer is particularly perplexing.

**RESPONSE**: Plaintiff believes much, if not all, of this information is in the Defendants' possession, custody or control, as they deleted, removed and/or kept and never provided certain information to the Plaintiff. However, subject to an appropriate and agreed-upon protective order, Plaintiff will produce relevant, non-privileged documents responsive to this Request at a mutually convenient time at the office of Plaintiff's counsel.

On March 2, 2010, the Court adopted the Parties' Joint Stipulation and Protective Order regarding Confidential Information. Despite this action by the Court and the representation made in response to each of Defendants' document requests, Frontier has, to-date, failed to produce a single document. Under the circumstances, Frontier will be directed to respond to Defendants' document requests within 10 days of the entry of this Memorandum and its accompanying Order. Failure to do so may result in the imposition of sanctions against Frontier.

**PLAINTIFF'S MOTION TO COMPEL**

Frontier filed a motion to compel discovery the day after Defendants' Motion to Compel was filed. It appears that Defendants have refused to respond to Frontier's Interrogatories and Request for Production of Documents due to Frontier's failure fully to cooperate in the discovery process. Although the Court is not unsympathetic to Defendants' frustration with Frontier's response, or lack of response, to its discovery, such frustration does not excuse Defendants from complying with their discovery

13

obligations.  Accordingly, Defendants also will be directed to respond to Frontier's discovery requests.

William L. Standish
United States District Judge

Date: April 15, 2010